DOCKET NO. 611

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE HELICOPTER ACCIDENT OFF CAPE HENRY, VIRGINIA, ON MARCH 20, 1983

TRANSFER ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT -2 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

    This litigation presently consists of three actions pending in three federal districts: one action each in the Eastern District of Pennsylvania, the Eastern District of California and the Middle District of Tennessee. Before the Panel is a motion by the Boeing Company, a defendant in all three actions, to transfer the Pennsylvania and California actions to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings with the action pending there. Boeing suggests, in the alternative, that the actions be centralized in the Eastern District of Pennsylvania, where the accident helicopter was manufactured. Plaintiffs in all three actions agree that the actions should be centralized for pretrial proceedings. The Tennessee plaintiff favors the Middle District of Tennessee as the transferee forum; the California and Pennsylvania plaintiffs urge that the actions be centralized in the Eastern District of Pennsylvania.

    On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the crash of a United States Army CH-47 helicopter, while on military exercises, in the Atlantic Ocean off the coast of Cape Henry, Virginia, on March 20, 1983. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    Although either of the suggested districts could be described as an appropriate transferee forum for this litigation, we are persuaded that the Eastern District of Pennsylvania is preferable. We observe that relevant documents and witnesses concerning the design and manufacture of the helicopter can be found at Boeing-Vertol's principal place of business located in the Eastern District of Pennsylvania.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings with the action pending in that distict and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-611 -- IN RE HELICOPTER ACCIDENT OFF CAPE HENRY, VIRGINIA ON MARCH 20, 1983</u>

<u>Eastern District of California</u>

<u>Rosa Marie Thompson, etc. v. The Boeing Co., et al.,</u> C.A. No. CIV-S84-388 RAR

<u>Middle District of Tennessee</u>

<u>Kristy A. Alvey, etc. v. The Boeing Co., et al.,</u> C.A. No. 3-84-0261

<u>Eastern District of Pennsylvania</u>

<u>Lawrence F. Dunn, Sr., et al. v. The Boeing Co.,</u> C.A. No. 84-3618